FILED

MAY 30 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-11-1477-JuKiJo |
| BRIAN SCOTT CARPENTER, | Bk. No. 11-44904 |
| Debtor. | |
| BRIAN SCOTT CARPENTER, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[*] |
| MARTHA G. BRONITSKY;<br>UNITED STATES TRUSTEE,<br>OAKLAND; BAC HOME LOANS<br>SERVICING, LP, | |
| Appellees. | |

Argued and Submitted on May 17, 2012
at San Francisco, California

Filed - May 30, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Roger L. Efremsky, Bankruptcy Judge, Presiding

Appearances:    Jim G. Price, Esq. argued for Appellant Brian
                Scott Carpenter.  No appellee participated in
                this appeal.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Before:  JURY, KIRSCHER, and JOHNSON[**] Bankruptcy Judges.

Debtor Brian Scott Carpenter appeals the decisions of the bankruptcy court denying without hearings his motion to value real property and motion for reconsideration.  Because the motions were not supported by evidence and the Local Rules do not compel a hearing, we AFFIRM.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On May 4, 2011, debtor filed a petition for bankruptcy under chapter 13[1].  On June 6, 2011, debtor filed a motion to value real property under § 506(a).  The motion was filed pursuant to the bankruptcy court's Local Rule 9014-1, which provides for a hearing only after a party objects.  Debtor's motion sought to reclassify as unsecured the claim based on BAC Home Loans Servicing, LP's ("BAC Home Loans") second deed of trust ("Second DOT").  In support of the motion, debtor declared the value of his real property was $275,000 and the balance on his first deed of trust ("First DOT"), also with BAC Home Loans, was $280,000.  Debtor did not support his declaration as to the balance on his First DOT with any documentary evidence.

On June 16, 2011, BAC Home Loans filed a proof of claim ("POC") for the First DOT stating the amount owed was

---

[**] The Honorable Wayne E. Johnson, Bankruptcy Judge, Central District of California, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

-2-

$272,922.96.

On June 28, 2011, debtor filed a request for default on the grounds that no party opposed the motion to value. On July 8, 2011, the bankruptcy court denied the request. The bankruptcy court, relying on evidence in BAC Homes Loans' POC, found debtor's property held equity above the First DOT in the amount of $2,077. Accordingly, the Second DOT remained secured.

On July 15, 2011, debtor filed a motion for reconsideration. In the motion, debtor asserted the amount stated in BAC Home Loans' POC was incorrect because it did not account for costs incurred by publication of a notice of default and a notice of trustee's sale. Debtor further alleged BAC Home Loans had informed him that the total principal and arrears was $282,272.27. Debtor's motion was supported by a declaration from the debtor but no mortgage statement from BAC Home Loans or any other documentation. On August 9, 2011, debtor again submitted a request for default.[2]

The bankruptcy court denied the request. The bankruptcy court rejected debtor's unsubstantiated assertions regarding the amount owed on the First DOT. The bankruptcy court again relied on BAC Home Loans' POC. The bankruptcy court determined BAC Home Loans' POC was the best evidence before the court. Finally, the bankruptcy court noted that its denial was without prejudice and invited the debtor to refile the motion with

[2] The second motion was denominated "Motion for Reconsideration", so the request for default seems procedurally improper. However, as noted below, it really was a renewed motion to value and, in that context, the request for default follows.

-3-

additional evidence.  On August 23, 2011, debtor filed a notice of appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).  This Panel has jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion by denying debtor a hearing on his motion to value and motion for reconsideration.[3]

## IV. STANDARD OF REVIEW

We review a bankruptcy court's compliance with non-jurisdictional bankruptcy rules for an abuse of discretion. Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir. 1990).  We apply a two-part test to determine whether the bankruptcy court abused its discretion: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record."  United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009).

---

[3] Debtor's statement of issues on appeal challenged the bankruptcy court's reliance on BAC Home Loans' POC.  However, debtor did not argue the issue in his brief.  Therefore, debtor has waived the issue for purposes of this appeal.  See Wake v. Sedona Inst. (In re Sedona Inst.), 220 B.R. 74, 76 (9th Cir. 1998) (an issue not briefed is deemed waived).

-4-

## V. DISCUSSION

Debtor focuses his appeal on the failure of the bankruptcy court to set a hearing before denying the motions. This focus is misguided.

Debtor's motion to value asserted the balance on his First DOT with BAC Home Loans was $280,000 and the value of his real property was $275,000. BAC Home Loans filed a POC with supporting documentation that contradicted Debtor's declaration. The bankruptcy court denied the motion stating:

> The evidence in support of Debtor's Motion shows that there is equity for the benefit of BAC Home Loans Servicing, LP. Specifically, the appraisal submitted by Debtor values the property at $275,000. Further, the Proof of Claim filed by the 1st lienholder values its claim at $272,922.96, leaving $2,077 in equity for the benefit of BAC Home Loans Servicing, LP.

In response, debtor filed a motion for reconsideration. We note that the motion for reconsideration did not state any grounds for reconsideration under Rule 9024. For this reason, we do not analyze the motion under Rule 9024, but instead consider the motion as a resubmission of the motion to value.

Debtor's motion for reconsideration contested the bankruptcy court's reliance on BAC Home Loans' POC. Debtor argued that BAC Home Loans' POC was inaccurate because it did not account for costs accrued by BAC Home Loans relating to recording and publishing a notice of default and notice of trustee sale.

In denying the motion for reconsideration, the bankruptcy court reaffirmed its prior decision, stating, "the Motion did not attach the proof of claim, the note and deed of trust, or a statement setting forth the outstanding balance at or about the

-5-

time the petition was filed for either the senior or the junior lienholder." Notably, the bankruptcy court denied the motion for reconsideration without prejudice and invited debtor to refile the motion with supporting documentation.

The procedural framework for valuing collateral pursuant to § 506(a) is set forth in Rule 3012, which states as follows:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Section 102(1)(A) defines "after notice and a hearing" and similar phrases to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for hearing as is appropriate in the particular circumstances[.]" See United States v. Yochum (In re Yochum), 89 F.3d 661, 672 (9th Cir. 1996). Section 102(1)(B) authorizes an act without an actual hearing if notice is proper and a hearing is not requested by a party in interest.

The Northern District of California has adopted guidelines for notice and hearing on motions to value. Pursuant to those guidelines, the moving party is not required to schedule a hearing but, if there is an objection, a hearing shall be set. The guidelines do not set forth a procedure if the bankruptcy court raises an issue of fact.

Debtor's motion for reconsideration, and brief in this appeal, assert the bankruptcy court was required to set the motion to value debtor's real property for hearing. Debtor is incorrect; nothing in the Northern District of California guidelines or Local Rules require a bankruptcy court to set a

-6-

motion to value for hearing, nor would such a requirement make sense when, as here, the only relevant evidence is documentation.

At oral argument, debtor's counsel argued that a hearing was necessary to obtain documentation through discovery. While we agree that discovery may be necessary, a hearing is not. This Panel notes three methods by which debtor's counsel may conduct discovery without a hearing. First, because a motion to value is a contested matter under Rule 9014, debtor's counsel may request production of documents from BAC Home Loans pursuant to Rule 7034.[4] Second, debtor's counsel may seek production of documents by motion and subpoena pursuant to Rule 2004(c). Finally, debtor's counsel may object to BAC Home Loans' POC, creating again the discovery rights which arise in a contested matter.

Accordingly, the bankruptcy court did not abuse its discretion by denying debtor a hearing.

### VI. CONCLUSION

Having determined the bankruptcy court did not abuse its discretion when denying debtor's motion to value and motion for reconsideration, we AFFIRM.

---

[4] The Panel acknowledges that a court may under Rule 9014(c) direct that not all Part VII Rules apply to contested matters.